# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

KEITH WARD HOHLEN,                                   Civ. No. 12-3138 (SRN/LIB)

          Petitioner,

v.                                                   **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

          Respondent.

_____

Keith Ward Hohlen, St. Cloud, pro se.

Mark J. Herzing, Mille Lacs County Attorney's Office, for Respondent.

_____

LEO I. BRISBOIS, United States Magistrate Judge

This matter is before the Court upon Petitioner's application for habeas relief under 28 U.S.C. § 2254, challenging his conviction and sentence in Mille Lacs County Court. The case has been referred to the undersigned Unites States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases in The United States District Courts.[1]

_____

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**I. BACKGROUND**

Keith Ward Hohlen (Petitioner) was convicted, in Mille Lacs County District Court, of terroristic threats in violation of Minn. Stat. § 609.713, subd. 1. *State v. Hohlen*, No. A11-1880, 2012 WL 3892128 (Minn. Ct. App. Sept. 10, 2012). Based on a mistake in the sentencing worksheet, the sentencing judge imposed a presumptive stayed sentence of 15 months. *Id.* at *5. Petitioner appealed his conviction and sentence to the Minnesota Court of Appeals. Petitioner raised four grounds on appeal, including claims in his pro se supplemental brief. *Id.*, at *1. The Minnesota Court of Appeals affirmed the conviction, and modified the sentence to a stayed sentence of 12 months and 1 day. *Id.* at *6. The Minnesota Supreme Court denied review on November 20, 2012. (Pet.) Petitioner now challenges his conviction and sentence.

**A.     The Conviction**

The following facts were found by the Minnesota Court of Appeals on Petitioner's direct appeal. On January 10, 2011, Petitioner called a Mille Lacs County child-support officer and threatened to kill her if she did not reinstate his driver's license. *Hohlen*, 2012 WL 3892128, at *1. The child-support officer called law enforcement and informed her supervisor of the call, and the chief of police of Milaca interviewed them both. *Id.* Upon investigation, the police chief learned Petitioner's driver's license was revoked due to an implied consent refusal and not child support arrearages, and he informed Petitioner of his finding. *Id.* However, Petitioner was charged with terroristic threats. *Id.* A public defender was appointed to Petitioner, but he appeared at a pretrial hearing a few days before the trial without counsel. *Id.* Petitioner, without further explanation, told the district court the public defender had been "excused." *Id.* The district court told

Petitioner "Okay, once you've discharged one public defender, they, they will not appoint another one for you. I have no control over that." *Id.* at *2. The district court advised Petitioner he could hire another attorney or represent himself. *Id.* Petitioner said he did not intend to hire an attorney. *Id.*

On the day of trial, the district court asked Petitioner whether he wanted to proceed without a public defender, and Petitioner confirmed that he did. *Id.* He also said he filed a complaint against his appointed public defender. *Id.* Petitioner accepted stand-by counsel. *Id.* The district court discussed Petitioner's waiver of his right to counsel with him. *Id.* At the conclusion of the trial, the jury found Petitioner guilty. *Id.*

## B.    The Appeal

Petitioner, represented by counsel and in his pro se supplemental brief, raised four issues on direct appeal to the Minnesota Court of Appeals. First, he alleged the district court's statement to him that it would not assign a new public defender, after he discharged the appointed public defender, rendered involuntary his waiver of his right to counsel. *Id.* Second, Petitioner alleged the prosecutor committed misconduct by inviting the jury to speculate on evidence the district court had instructed them not to consider. *Id.*, at *3. Third, the Minnesota Court of Appeals modified Petitioner's sentence to 12 months and 1 day, due to an error in the sentencing worksheet resulting in an incorrect presumptive stayed sentence of 15 months. *Id.* Fourth, in his pro se supplemental brief, Petitioner challenged the jury's finding that the state's witnesses were credible. *Id.* The Minnesota Court of Appeals deferred to the jury's determination of witness credibility. *Id.*

## II. DISCUSSION

### A.     The Habeas Petition

In Ground One of the petition, petitioner asserts he was denied the right to assistance of counsel at trial in violation of the Sixth Amendment because he expected to get a replacement public defender.  He also asserts ineffective assistance of counsel. He alleges the appointed public defender was ineffective because he recommended a plea deal and lied about the fact that the state had evidence of the crime.  He also alleges ineffective assistance of standby counsel because he was not very helpful.  In Ground Two of the petition, Petitioner alleges newly discovered evidence proves the state's witnesses lied.  In Ground Three of the petition, Petitioner alleges violation of due process due to insufficient evidence.  Ground Four of the petition states, "Judgment or Sentence is Illegal" . . . "Sentence was amended already (corrected) . . . The rest of this mess needs to be corrected.  Sentence is based on false facts/info."

Ground Five of the petition generally alleges constitutional violations.  The supporting facts in the petition are based on a state court order instructing petitioner not to be present in Mille Lacs County from June 17, 2011 through July 22, 2011.  Grounds Six and Seven allege constitutional violations based on illegal warrants.  Ground Eight alleges the trial court erred by not allowing Petitioner to subpoena witnesses to prove the state's witnesses lied.  In Ground Nine, Petitioner alleges his appeal rights have been violated by judges and the Minnesota Department of Corrections.  This appears to relate to a probation violation.

### B.     Exhaustion and Procedural Default

### 1.     Standard of Review

A federal habeas petitioner must exhaust state remedies for each claim that he brings in an application for a writ of habeas corpus in behalf of a prisoner in custody pursuant to the judgment of a state court. 28 U.S.C. § 2254(b)(1)(A). The doctrine of exhaustion requires a petitioner to "fairly present" his federal claims to each appropriate state court (including a state supreme court with powers of discretionary review), and if the petition or brief to the state courts did not present a federal claim by fairly alerting the court to the federal nature of the claim, the claim is unexhausted. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "[T]o fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (quoting *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal quotation marks omitted) quoting *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997)). "'Mere similarity between . . . state law claims and . . . federal habeas claims is insufficient' to satisfy the fair presentation requirement." *Id.* (quoting *Carney*, 487 F.3d at 1097) (alteration in original) quoting *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

When a prisoner fails to allow the state courts an opportunity to correct a federal constitutional violation, and state procedural rules preclude the prisoner from presenting the federal claims, the federal claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991). The state procedural rule relevant here is found in *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976). "Under Minnesota law, where a defendant took a direct appeal, 'all claims raised in the direct appeal as well as 'all

claims known but not raised' at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief.'" *Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011) (quoting *Cooper v. State*, 745 N.W.2d 188, 190-91 (Minn. 2008), quoting *Knaffla*, 243 N.W.2d at 741). The *Knaffla* rule is firmly established and regularly followed, thus claims barred by *Knaffla* in state court are barred from federal review as procedurally defaulted, unless one of the exceptions is met. *Murray v. Hvass*, 269 F.3d 896, 899-900 (8th Cir. 2001).

Minnesota recognizes two exceptions to the *Knaffla* procedural bar: (1) a claim is so novel that the legal basis was not available on direct review; and (2) the interests of justice require review, and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal. *Fraction v. Minnesota*, 678 F.Supp.2d 908, 917 (D. Minn. 2008) (citing *Townsend v. State*, 723 N.W.2d 14, 18 (Minn. 2006) (citations omitted)). Under federal law, there are also two instances where a habeas petitioner may overcome a state procedural bar: (1) by showing cause and prejudice; or (2) by showing the failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The "cause" under the cause and prejudice test must be something external to the petitioner and cannot fairly be attributed to him. *Id.* (quoting *Coleman*, 501 U.S. at 753). "Prejudice" under this test is more than the possibility of prejudice, but that errors at trial infected the entire trial with error of constitutional dimensions. *Id.* (quotations omitted). The miscarriage of justice exception requires a showing that a constitutional violation has probably resulted in the conviction of an innocent person. *Id.* (citations omitted).

## 2.     Analysis

Grounds Two through Nine of the habeas petition are procedurally defaulted. Neither the brief by Petitioner's appellate counsel nor the pro se supplemental brief to the Minnesota Court of Appeals fairly presented the federal nature of Petitioner's claims. Because the federal claims must be fairly presented to each appropriate state court, this Court need go no further but to address whether an exception to procedural default exists here.

The *Knaffla* exceptions do not save Grounds Two through Nine of the petition because there is nothing in the record to suggest the claims were so novel that they were not reasonably available upon direct appeal, or that Petitioner did not deliberately or inexcusably fail to raise the constitutional claims on direct appeal.    Furthermore, Petitioner has not shown cause and prejudice to excuse procedural default of Grounds Two through Nine.    In Ground Two, Petitioner asserts he has newly discovered evidence that the state's witnesses lied, proving his innocence.    However, the evidence offered by Petitioner does not prove Petitioner did not threaten to kill the child support officer if she did not reinstate his driver's license.

## C.     Ground One:  Ineffective Assistance of Counsel

Respondent did not address Petitioner's ineffective assistance of counsel claims. This Court, however, finds the claims are without merit.   First, there is no constitutional right to standby counsel.  *See U.S. v. Foster*, 230 F.3d 1364 (8th Cir. 2000) (per curiam) (finding petitioner who waived right to counsel at trial did not have a constitutional right to standby counsel; therefore, he could not claim ineffective assistance of counsel).

Second, Petitioner cannot meet the prejudice prong of ineffective assistance of counsel based on the appointed public defender's advice to accept a plea deal, because Petitioner did not accept the deal, fired the public defender, and represented himself.  *See U.S. v. Cronic*, 466 U.S. 648, 656 n.9 (1984) ("even when there is a bona fide defense, counsel may still advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances."); *and see Gallo-Vasquez v. U.S.*, 402 F.3d 793, 798-99 (7th Cir. 2005) (prejudice prong of ineffective assistance of counsel claim was not shown where defendant rejected advice that he plead guilty, requested a new lawyer but the request was denied, and petitioner took the stand at trial but was convicted.)  "Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated."  *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir.) (en banc), *cert. denied*, 528 U.S. 846 (1999).  The ineffective assistance of counsel claims should be dismissed with prejudice.

**D.**     **Ground One:  Denial of the Right to Due Process under the Sixth and Fourteenth Amendments to the United States Constitution**

**1.     Standard of Review**

The authority of federal courts to grant habeas corpus relief to persons in state custody is found in 28 U.S.C. § 2254(d), which states in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States

*Harrington v. Richter*, 131 S.Ct. 770, 783-84 (2011). "[A]n *unreasonable* application of

federal law is different from an *incorrect* application of federal law." *Id.* at 785

(emphasis in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

> Under § 2254(d), a habeas court must determine what
> arguments or theories supported or, as here, could have
> supported, that state court's decision; and then it must ask
> whether it is possible fairminded jurists could disagree that
> those arguments or theories are inconsistent with the holding
> in a prior decision of this Court.

*Id.* at 786. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

"The starting point for cases subject to § 2254(d)(1) is to identify the 'clearly

established Federal law, as determined by the Supreme Court of the United States' that

governs the habeas petitioner's claims." *Marshall v. Rodgers*, 133 S.Ct. 1446, 1449

(2013) (citing *Williams*, 529 U.S. at 412; *Knowles v. Mirzayance*, 556 U.S. 111, 122

(2009)). In this case, neither Petitioner nor Respondent has identified a Supreme Court

case that governs. When there is no Supreme Court decision on similar facts, a habeas

court may look to the "general standard" from Supreme Court cases. *Id.* (citing

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Circuit court precedent may not

"be used to refine or sharpen a general principal of Supreme Court jurisprudence into a

specific legal rule that [the Supreme Court] has not announced." *Id.* at 1450 (citations

omitted). "The more general the rule, the more leeway courts have in reaching

outcomes in case-by-case determinations." *Harrington*, 131 S.Ct. at 786 (citing

*Yarborough*, 541 U.S. at 664).

The Sixth Amendment right to counsel is incorporated into the Fourteenth Amendment of the United States Constitution and is applicable to the states. *Gideon v. Wainwright*, 372 U.S. 335, 342-43 (1963). In *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009), the Supreme Court stated, "[o]ur precedents also place beyond doubt that the Sixth Amendment right to counsel may be waived by a defendant, so long as relinquishment of the right is voluntary, knowing, and intelligent." (citing *Patterson v. Illinois*, 487 U.S. 285, 292, n.4 (1988); *Brewer v. Williams*, 430 U.S. 387, 404 (1977); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The decision to waive need not be counseled. *Id.* (citing *Michigan v. Harvey*, 494 U.S. 344, 352-53 (1990)). It is the defendant's burden to prove he did not competently and intelligently waive his right to counsel. *Iowa v. Tovar*, 541 U.S. 77, 92 (2004).

The information a defendant must possess to make an intelligent waiver of the right to counsel is determined by case-specific factors such as the defendant's education, the complexity of the nature of the charge, and the stage of the proceeding. *Id.* at 88. To intelligently waive trial counsel, the defendant must be warned of the "hazards ahead." *Id.* at 89. Warnings of the pitfalls of proceeding to trial without counsel must be rigorously conveyed. *Id.* (citing *Patterson*, 487 U.S. at 298). Less rigorous warnings are required at the pretrial stage. *Id.* at 90. In *Faretta v. California*, the Supreme Court held that the lower court violated defendant's right to self-representation by forcing him to accept a state-appointed public defender against his will under the following circumstances: (1) the defendant, weeks before trial, "clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel"; (2) the record showed the defendant "was literate, competent, and

understanding, and that he was voluntarily exercising his informed free will"; and (3) the trial judge warned the defendant he thought it was a mistake not to accept counsel, and that he would be held to the court's procedural rules at trial. 422 U.S. 806, 835 (1975).

## 2. Analysis

The Minnesota Court of Appeals held that Petitioner's waiver of his right to counsel was voluntary for the following reasons: (1) Petitioner did not request substitute counsel; (2) Petitioner informed the district court that he discharged the public defender and did not offer an explanation for the discharge; (3) the district court appropriately asked petitioner whether he wanted to proceed pro se or hire another attorney; (4) the district court did not err by telling Petitioner the public defender's office would not appoint another public defender after he discharged the appointed public defender; (5) Petitioner's discharge of the public defender without good cause constituted a waiver of his right to counsel; and (6) Petitioner informed the court at the pretrial hearing and immediately prior to trial that he intended to represent himself. *Id.* The court relied on state law precedents:

> "[a] defendant's refusal without good cause to proceed with able appointed counsel constitutes a voluntary waiver" of the right to counsel. *State v. Krejci*, 458 N.W.2d 407, 413 (Minn. 1990) (quotation omitted). Furthermore, a public defender's office may reasonably establish and enforce a rule "that it does not exchange counsel merely because a party is unhappy with the counsel appointed." *State v. Nace*, 404 N.W.2d 357, 361 (Minn. App. 1987) (reciting such a rule and indicating that it was reasonable), *review denied* (Minn. June 25, 1987). Where a defendant dismisses his public defender without making a showing as to the existence of exceptional circumstances justifying the substitution of counsel, it is not error for a district court to inform the defendant of such policy but not prompt the defendant to expound upon any exceptional circumstances.[] *See State v. Clark*, 698 N.W.2d 173, 178 (Minn. App. 2005) . . .

*Hohlen*, 2012 WL 3892128, at *3.

In Ground One of the petition, Petitioner asserts he fired his public defender before a pre-trial hearing, he filed a complaint with the Public Defender's Office, and he was expecting a replacement public defender but did not get one. Petitioner asserts the appointed public defender recommended taking a plea deal because the prosecution had evidence of the crime, and the public defender was not interested in Petitioner's proof that the state's witnesses were liars. Petitioner submitted to this Court the response of Rex Tucker, Chief Public Defender, to Petitioner's June 2, 2011 complaint against his appointed counsel. (Petition, Attachment to Ground One). Tucker responded that he found "no evidence of any failure on the part of [appointed counsel] to provide zealous representation. I take particular note of the fact that you discharged the public defender, prior to trial, with the consent of the court. . . . I will be taking no further action on this matter." (*Id.*)

There is no Supreme Court case on facts similar to those presented here, thus, this Court looks to the Supreme Court's general rule on waiver of the right to trial counsel. Petitioner's primary contention is that his waiver was involuntary because the district court informed him another public defender would not be appointed after he discharged the first public defender. Under Minnesota law an indigent defendant's request for substitute counsel would be granted "if exceptional circumstances exist and the demand is timely and reasonably made." *Hohlen*, at *3 (quoting *State v. Vance*, 254 N.W.2d 353, 358 (Minn. 1977). The record here does not suggest an exceptional circumstance or a timely and reasonable demand for substitute counsel. Thus, the trial court did not mislead Petitioner, so as to render his waiver of counsel involuntary.

Based on the findings of the Minnesota Court of Appeals, Petitioner remained silent as to his reasons for discharging the appointed public defender, and remained silent as to his expectation that he would be appointed a replacement public defender. *Id.*, at *4. He informed the district court only that he did not want the appointed public defender to represent him, and he did not wish to hire a different attorney. *Id.* Petitioner informed the district court in a pretrial hearing, and again just before trial, that he intended to represent himself. *Id.* Petitioner did, however, state that he filed a complaint against his public defender, without providing any elaboration. *Id.*, at *2.

Just before trial, the district court "led appellant through a waiver of his right to counsel." *Id.* (*See* partial transcript of Jury Trial of 6/14/2011; Attachments and Exhibits to Respondent's Mem. in Opp. to Pet. for Writ of Habeas Corpus, Doc. No. 9). Petitioner has not alleged he did not understand the consequences of his decision to represent himself at trial, only that he was not well-equipped to do so, and did not understand things that occurred during trial. "If petitioner nonetheless lacked a full and complete appreciation of all the consequences flowing from his waiver, it does not defeat the State's showing that the information provided to him satisfied the constitutional minimum." *Patterson*, 487 U.S. at 293. Therefore, this Court finds that the Minnesota Court of Appeals did not unreasonably apply clearly established Supreme Court precedent finding a voluntary, knowing and intelligent waiver of trial counsel by Petitioner.

Based on the foregoing and all of the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1.　　The ineffective assistance of counsel and violation of the right to assistance of counsel claims in Ground One of the petition be dismissed with prejudice on the merits;

2.　　The claims in Grounds Two through Nine of the petition be dismissed with prejudice as procedurally defaulted;

3.　　If this Report and Recommendation is adopted, that judgment be entered.


Dated:　September 27, 2013　　　　　　　s/Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　　　　　LEO I. BRISBOIS
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 11, 2013, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.