UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Keith Ward Hohlen,<br><br>Petitioner,<br><br>v.<br><br>Mark J. Herzing, Mille Lacs County Attorney's Office,<br><br>Respondent. | Case No. 12-cv-3138 (SRN/LIB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Keith Ward Hohlen, No. 241638, 970 Pickett Street North, Bayport, Minnesota 55003-1490, for Petitioner.

Mark J. Herzing and Tara C. Ferguson, Mille Lacs County Attorney's Office, 225 6th Street Southeast, Milaca, MN 56353, on behalf of Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner Keith Ward Hohlen's pro se objections [Doc. No. 15] to Magistrate Judge Brisbois's Report and Recommendation ("R & R") [Doc. No. 14].[1] Magistrate Judge Brisbois recommended that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] be denied and the action be dismissed with prejudice [Doc. No. 14]. This Court has conducted a de novo review of Judge Brisbois's R & R pursuant to 28 U.S.C. § 636(b)(1)(C) and the Federal Rules of Civil Procedure 72(b). Based on that review, this Court overrules

---

[1] The Court construes Petitioner's undated letter to Magistrate Judge Brisbois, received and filed by the Court on September 30, 2013, as his objections to the R & R.

Hohlen's objections and adopts Judge Brisbois's R & R for the reasons set forth below.

## I.     BACKGROUND

Keith Hohlen is a prisoner confined at the Minnesota Correctional Facility in Stillwater, Minnesota. (Letter to Magistrate Judge at 1 [Doc. No. 15].)  On June 14, 2010, he was convicted of terroristic threats in violation of Minn. Stat. § 609.713, subd. 1.  *State v. Hohlen*, No. A11-1880, 2012 WL 3892128 (Minn. Ct. App. Sep. 10, 2012).  The Mille Lacs County Court imposed a presumptive stayed sentence of fifteen months.  (Id. at *5.)  The Minnesota Court of Appeals affirmed Hohlen's conviction and modified his sentence to twelve months and one day to remedy a procedural error.  (Id. at *5-6.)  Hohlen appealed his conviction and modified sentence, and the Minnesota Supreme Court subsequently denied review.  (Pet. at 2 [Doc. No. 1].)

On December 19, 2012, Hohlen filed a Petition for a Writ of Habeas Corpus under 29 U.S.C. § 2254 to challenge his conviction and sentence in the Mille Lacs County Court.  (Id.)  In his Petition for relief, Hohlen claims that: (1) his Sixth Amendment rights were violated because no replacement public defender was appointed after Hohlen dismissed his first defender; the stand-by counsel appointed at trial was ineffective; and the public defender appointed during his sentencing offered ineffective advice; (2) newly discovered evidence can show that the testimony of trial witnesses was false; (3) his right to due process was violated because he was convicted on insufficient evidence; (4) the judgment or sentence is "illegal" because the sentence was "amended already" and "is based on false facts/info"; (5) his conviction contained general constitutional violations; (6) & (7) constitutional violations occurred because the warrants issued against him were

illegal; (8) the trial court erred when it denied Hohlen's request to subpoena a witness; and (9) the judges and officials in the Minnesota Department of Corrections have unconstitutionally violated his appeal rights. (Id. at 5, 19, 27, 29, 32, 36, 51, 60, 64 [Doc. No. 1].) The Court referred the matter to Magistrate Judge Brisbois.

On September 27, 2013, Judge Brisbois issued a R & R recommending that Hohlen's Petition be dismissed. (R & R at 1 [Doc. No. 14].) On September 30, 2013, Hohlen sent a letter to Judge Brisbois objecting to the R & R on the grounds that he is innocent and any procedural default or failure to exhaust remedies is attributable to his unfamiliarity with the law. (Letter to Magistrate Judge at 1, 2 [Doc. No. 15].) Under Local Rule 72.2, this Court will address any timely objection(s) to the R & R.

## II. DISCUSSION

The federal court has the authority to entertain a habeas corpus petition when a state prisoner's detention violates the United States Constitution or federal law. 28 U.S.C. § 2254(a). To obtain federal habeas relief, a state prisoner must first exhaust all state court remedies. Id. § 2254(b)(1)(A). The exhaustion requirement preserves federal-state comity by giving state courts the "initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 249 (1971)). In order to exhaust all state remedies, a prisoner must "'fairly present' his claim in each appropriate state court (including a state supreme court with the powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations omitted).

3

The R & R concludes that Hohlen failed to exhaust all available state court remedies because his federal constitutional claims were not fairly presented to the state court on appeal. (R & R at 7 [Doc. No. 14].) Hohlen objects to this finding on the grounds that "this is the first and only time I have been in a trial" and thus "I had and/or have no idea what or when to do or stay things and/or paper work." (Obj. at 2 [Doc. No. 15].).

While the Court is sympathetic to the position of a pro se petitioner, ignorance of the law does not excuse a petitioner's requirement to exhaust all available state court remedies. *See Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988) (stating that claims of procedural ignorance based on a petitioner's pro se status and educational background are not sufficient cause for failing to exhaust state-court remedies). For this reason, the Court finds that Petitioner's failure to exhaust state court remedies resulted in a procedural default. To the extent that Hohlen's letter presents legal questions to the Court seeking advice on exhaustion requirements, the Court is barred from dispensing legal advice and cannot address any such inquiries.

In his objection to the R & R, Hohlen states "I do object because of my innocence" and "I am innocent." (Obj. at 1, 5 [Doc. No. 15].) It is unclear from these two statements if Hohlen intends to invoke the legal doctrine of actual innocence. While a federal court generally cannot review any habeas petition in procedural default, a narrow exception to this rule allows the court to review an otherwise procedurally barred petition if the petitioner can prove actual innocence. *Collier v. Norris*, 485 F.3d 415, 425 (8th Cir. 2007). Actual innocence is a recognized legal doctrine that requires the

petitioner to present new, reliable evidence of his innocence and show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001).

Even if this Court liberally construes Petitioner's objections to assert an actual innocence objection, Hohlen has failed to prove actual innocence because he does not provide any new, reliable evidence to prove his innocence. Without a showing of "actual innocence," Hohlen cannot overcome the procedural bar to his habeas Petition. Accordingly, Hohlen's Petition is denied.

Lastly, an applicant for a writ of habeas corpus cannot appeal from a final order without first securing a certificate of appealability. *See* 28 U.S.C. § 2253(c). The Court will grant a certificate of appealability if the applicant has made "a substantial showing of the denial of a constitutional right." Id. To meet this statutory threshold, Petitioner must show "that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The Court concludes that reasonable jurists would not find the issues in Petitioner's § 2254 motion debatable, another court would not resolve the issues differently, and the issues do not deserve further proceedings. Accordingly, the Court declines to grant a certificate of appealability.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objections [Doc. No. 15] to the Magistrate Judge's September 27, 2013, R & R [Doc. No. 14] are **OVERRULED**;

2. The Court **ADOPTS** the Magistrate Judge's R & R in its entirety [Doc. No. 14];

3. The Petition of Keith Ward Hohlen for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] is **DENIED** and this action is dismissed with prejudice; and

4. A certificate of appealability is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 21, 2013          s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge